WATKINS & BULLARD, plaintiffs in error, *vs.* JAMES N. DEFOOR, defendant in error.

1. When the finding of the jury cannot be sustained by any possible view of the testimony, and is against justice, a new trial will be granted.

Action for breach of warranty, in Fulton Superior Court. Tried before Judge BULL, at the April Term, 1863.

The questions presented for adjudication in this case depends on the facts following, to-wit:

On the 18th of February, 1857, Watkins & Bullard, purchased from James N. Defoor, two negroes, and Defoor executed a bill of sale, of which the following is a copy:

"ATLANTA, February 18th, 1857.

"Received of Watkins & Bullard, one thousand and fifty dollars in full payment for two negro slaves, a woman by the name of Eliza, twenty years of age, of copper complexion, at eight hundred dollars, the other, a negro girl, two years of age, of copper color, at two hundred and fifty dollars. Said negroes I warrant to be sound in body and mind, and slaves for life, and titles good.         "J. N. DEFOOR."

At the time the negroes were thus sold to the plaintiffs, the child had a film over one of its eyes, which destroyed the sight, and both were afflicted with a disease of the nervous system, causing a frequent jerking or contraction of the muscles of the head, neck, arms and eyelids. This disease, in the opinion of physicians, was congenital, and incurable. In the month of March, 1858, Watkins & Bullard sold the negroes to Joseph Bradfield, warranting them to be sound and healthy. The child died of the disease on the 25th December, 1858. Bradfield brought an action against Watkins & Bullard for a breach of the warranty, and recovered the sum of four hundred and forty-four dollars, and of this action Defoor was formally notified by Watkins & Bullard, as they allege in their action.

Watkins & Bullard then brought suit against Defoor, to recover damages for a breach of the warranty in his bill of sale. On the trial of the case the witnesses differed in their opinions as to the value of the negroes. One thought they were worth $1,000; another that they were worth $1,100 or $1,200; another, that they were worthless.

The jury returned a verdict in favor of the plaintiffs for $200 00.

Counsel for plaintiffs then moved for a new trial on the following grounds, to-wit:

1st. Because the verdict of the jury was contrary to the evidence, and the principles of justice and equity, and decidedly and strongly against the weight of the evidence.

2d. Because the verdict was contrary to the charge of the Court.

The presiding Judge refused the new trial, and that judgment is the error complained of.

A. W. HAMMOND & SON, for plaintiff in error.

EZZARD & COLLIER, *contra.*

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

Is the verdict in this case supported by the evidence? It would seem not. Upon the principle of averaging the proof, it should have been $130 00, with interest from the time of sale, making $184 00—but the finding of the jury is $200 00. This hypothesis, then, itself of doubtful propriety, will not do, and by no possible conjecture upon the testimony can we sustain the verdict. But we apprehend the verdict is wrong in itself. Two negroes were sold by the defendant to the plaintiffs—the one estimated at $800.00, and the other at $250 00—and each was separately warranted to be sound in the same bill of sale. The proof shows that the child was utterly worthless, and no witness testifies that she was of any value. She was afflicted with an hereditary complaint when sold, besides the disease in one of her eyes, and died in less than two years, rendering no service whatever, but on the contrary, all the time an expense and trouble to the purchasers. Is not the price paid for her, $250 00, with interest, the measure of damages in this case? Whatever difference of opinion might be entertained of the woman, Eliza, her enhanced value could not be set over against the loss on the child, no more than if they were in separate bills of sale, and were distinct contracts. The law considers them as such.

Let a new trial be awarded.